Lon A. Jenkins (4060)
Tami Gadd (12517)
MaryAnn Bride (13146)
Katherine T. Kang (14457)
OFFICE OF THE CHAPTER 13 TRUSTEE
465 South 400 East, Suite 200
Salt Lake City, Utah  84111
Telephone: (801) 596-2884
Facsimile: (801) 596-2898
Email: utahtrusteemail@ch13ut.org

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| IN RE: | CASE: 23-21009 |
| Zachary Emett | CHAPTER 13 |
| **Debtor** | Hon. WILLIAM T. THURMAN |

**TRUSTEE'S CONTINUING OBJECTION TO CONFIRMATION**

The Standing Chapter 13 Trustee, hereby objects to confirmation based on the following unresolved issues:

1. The following creditor objection(s) remain unresolved: Utah State Tax Commission.

2. The plan is not feasible in that it is presently projected to require more than 60 months to make all payments required by the plan.

**Restatement of Issues from Prior Objection(s):**

1.  The Debtor(s) failed to timely provide the Trustee with copies of their State and Federal income tax returns for 2022 (see § 521(e)(2)(A)(i), Fed. R. Bankr. P. 4002(b)(2)(B), and Local Rule 6070-1(c)(2)).

2. The Debtor(s) failed to produce at the 341 Meeting statements from their business and personal Mountain America Credit Union financial account(s) for the period that covers the petition date (see Fed. R. Bankr. P. 4002(b)(2)(B)).

3. The Debtor(s) failed to provide the Trustee with a business questionnaire for a business operated during the sixty (60) days prior to the petition date (see Local Rule 2083-1(e)(1)(D)). The Debtor(s) must provide copies of all documents requested in the business questionnaire, including but not limited to: bank statements for all accounts month prior, month of and month after petition, business license, insurance policies held by the business, business taxes (either form 1120 or Schedule C of the individual return), asset and liability sheet (including date of purchase and purchase price) and balance sheet.

4. The Debtor(s) failed to provide the Trustee with Profit and Loss statements for all self-employment income earned during the last three (3) months prior to the petition date (see Local Rule 2083-1(e)(1)(C)).

5. The Trustee hereby makes a motion to dismiss under LR 2083-1(g) for failure to turnover the following documents: Profit and Loss Statement for 60 days prior to filing, business questionnaire (and related documents), copies of tax returns, and bank statements. The Trustee will seek dismissal at the confirmation hearing set for June 8, 2023, unless the missing documents are provided no later than 14 days prior to the confirmation hearing, or an objection to dismissal is filed.

6. The Debtor(s) have not filed an itemized, separate budget disclosing the income and expenses related to the operation of a business, as required by Fed. R. Bankr. P. 1007(b)(1).

7. It appears the Debtor's non-filing spouse has a new job or income that is not disclosed on the Schedule I and verification of such income has not provided. Prior to the confirmation hearing, the Debtor(s) should file an amended Schedule I and provide the Trustee with verification of such income in the form of two (2) recent payment advices.

8. Schedule I lists a voluntary, monthly contribution from a third-party. The Debtor(s) should file with the Court an affidavit signed by such third-party stating that the third-party has the means and the intent to make such contributions on a monthly basis during the term of the Debtor(s)' Chapter 13 Plan.

9. Schedule A/B fails to fully disclose and value the following property of the estate: Business, Restoration Lead Machine.

10. Schedule F fails to list complete mailing addresses for the following creditor(s): ANTHONY DEMANN, BRETT & SUSAN CONRAD, DYLAN DONE, JAXON VERNON, KEVIN WATKINS, LEONARD ROSENBLOOM, NANCY MCNICOL, NOVA INSULATION, and TYSON & MARIE GILLIES.

11. It appears the income listed on Form 22C-1, Line 5, is for wrong business and should be updated.

12. The Debtor(s) are not complying with the disposable-income test of § 1325(b)(1)-(2). According to the Debtor(s)' Form 122C-2 Line No. 13b. and because the plan proposes to retain and pay for luxury collateral that is not reasonably necessary for the Debtor(s)' maintenance and support.  The Trustee is requesting that the Debtor(s) obtain Court approval to retain the 2017 Chevrolet Duraman with an installment payment in excess of the Internal Revenue Standard.

13. The Debtor(s) are not complying with the disposable income requirements of § 1325(b). According to the Debtor(s)' calculations for Form 122C-2, the Debtor(s) have Monthly Disposable Income of $7,061.34 that requires a total return of $423,680.40 to nonpriority unsecured creditors.  However, the Debtor(s) have proposed a return of only $0.00.

14. This is an above-median case with an applicable commitment period of 60 months; however, the plan does not provide for 60 monthly payments as required by *In re Timothy*, 442 B.R. 28 (10th Cir. BAP 2010) and *In re Wing,* 435 B.R. 705 (Bankr. D. Colo. 2010).

15. There is a discrepancy between the attorney's fees listed in the plan and the *Disclosure of Compensation of Attorney for Debtor(s)*. Counsel must resolve this discrepancy and accurately disclose the receipt of any retainer.

16. The Chapter 13 plan does not comply with §§ 1322(b) and 1325(a)(5) in that it does not provide for the following secured claims: Utah State Tax Commission.

17. The Debtor(s) are engaged in business under § 1304, and it appears they may not have provided for the quarterly payment to the IRS of self-employment taxes. Failure to pay such taxes may result in a post-petition tax liability which may make it difficult to make payments under the Plan. The Trustee request verification of a segregated bank account to hold such self-employment taxes. The Trustee may request status updates on the quarterly payments being made or continued to be held in the segregated bank account.

18. Schedule A/B fails to properly value the following property of the estate: Balance on petition date, in America First Credit Union financial account.

THEREFORE, the Trustee has an ongoing objection to the confirmation.

Dated: May 24, 2023

LAJ /S/
LON A. JENKINS
CHAPTER 13 TRUSTEE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Continuing Objection to Confirmation was served upon all persons entitled to receive notice in this case via ECF Notification or by U.S. Mail to the following parties on May 24, 2023:

JUSTIN O. BURTON, ECF Notification

/s/ Jaci Coyle